UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at LONDON)

| | |
|---|---|
| ROMANCEE GEORGE, <br><br>        Petitioner, <br><br> v. <br><br> S. LOVETT, <br><br>        Respondent. | Civil Action No. 6:25-cv-068-CHB <br><br><br> **MEMORANDUM OPINION <br> & ORDER** |

*** *** *** ***

     Federal inmate Romancee George is serving a 175-month term of imprisonment. *See United States v. George*, No. 1:15-cr-20717-JAL (S.D. Fla. Apr. 27, 2016). In October 2023, while housed at FCI Edgefield in South Carolina, George was disciplined for fighting with another inmate. His sanctions included disallowance of twenty-seven days of good conduct time ("GCT"). George subsequently was transferred to USP McCreary in Pine Knot, Kentucky. On April 15, 2025, he filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the imposition of disciplinary sanctions against him.[1] Having considered the record fully, the Court will deny George's petition because he has not shown that he was deprived of procedural due process and the Disciplinary Hearing Officer's ("DHO") findings are supported by evidence in the record.

---

[1] George properly filed his § 2241 petition in this Court while he was confined at USP McCreary. *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003). Although he was transferred to Williamsburg FCI in Salters, South Carolina, this Court retains jurisdiction to adjudicate George's petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

On October 17, 2023, Correctional Officer R. Ferry prepared an incident report charging George with violating Prohibited Act Code 224 (Assault without Serious Injury) and Prohibited Act Code 307 (Refusing to Obey an Order). *See* [R. 1-2, p. 1]; [R. 16-1, p. 4]. According to the incident report, Ferry observed George striking another inmate's torso with closed fists. *See* [R. 1-2, p. 1]. After George ignored Ferry's commands to cease his conduct, Ferry deployed a two-second burst of pepper spray. *See id.* Both prisoners were subsequently handcuffed and separated. *Id.* The following day, Ferry re-wrote the incident report. *See* [R. 1-2, p. 2]; [R. 16-1, p. 12]. The re-written report contained the same factual assertions as the original but instead of charging George with Prohibited Act Code 224 (Assault without Serious Injury), George was charged with Prohibited Act 201 (Fighting with Another Person).

Lieutenant K. Williams delivered the re-written incident report to George on October 19, 2023. *See* [R. 1-2, p. 2]. George told Williams that he did not start the incident and only used force against the other inmate "to get him off of me." *Id.* at 8. Williams completed his investigation and forwarded the incident report to the Unit Disciplinary Committee ("UDC"). On October 22, 2023, the UDC held a hearing with George present. *See* [R. 16-1, p. 4]. At the conclusion of the hearing, the UDC referred the charges to the DHO for further processing. *Id.* at 13. *See* 28 C.F.R. 541.15(h). George signed the "Notice of Discipline Hearing before the DHO" and "Inmate Rights at Discipline Hearing." [R. 16-1, pp. 17–18]. He indicated that he did not desire a staff representative but requested two inmate witnesses. *Id.*

DHO Charles Nevils conducted the disciplinary hearing on the morning of October 31, 2023. *Id.* at 19. According to Nevils, George decided to waive his right to call any witnesses and signed an acknowledgement to that effect. *Id.* George disputes this assertion and claims that the

acknowledgement is forged. [R. 1, p. 7]. At the conclusion of the hearing, Nevils found that George was guilty of violating Code 201 (Fighting with Another Person). [R. 16-1, p. 20]; *see also* 28 C.F.R. 541.3 (Table 1). George was sanctioned with the loss of twenty-seven days of GCT, ten days of disciplinary segregation, and loss of commissary privileges for 100 days. [R. 16-1, p. 21]. George appealed Nevils's decision and received a denial at each level of the administrative process.

George contends that he was deprived of his constitutional right to due process during the disciplinary proceedings. *See generally* [R. 1]. Specifically, George says that officials failed to complete a report within twenty-four hours of the incident, failed to provide him with a copy of the original incident report, failed to provide him with a copy of the "re-write" within twenty-four hours of its completion, and prevented him from calling witnesses during his DHO hearing.

The due process to which prisoners are entitled during the prison disciplinary process is set forth in 28 C.F.R. §§ 541.1 through 541.8 and in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Where, as here, a prison disciplinary hearing may result in the loss of good time credits, due process requires that the inmate receive written notice of the charges at least twenty-four hours in advance of the disciplinary hearing; a hearing before an impartial decision maker; a written statement by the factfinder regarding the evidence relied upon and the reasons for the disciplinary action; an opportunity to call witnesses and present documentary evidence when doing so would not be unduly hazardous to institutional safety or correctional goals; and the assistance of staff or a competent inmate when the inmate is illiterate or when the issues are complex. *Wolff*, 418 U.S. at 564–70.

Contrary to George's assertion, he was not entitled to receive a copy of the original incident report. *See Cadet v. Warden, FCI Ashland*, 0:24-100-DLB, 2024 WL 4681552, at *2 (E.D. Ky. Nov. 5, 2024). And while an inmate ordinarily will receive the incident report within twenty-four hours of staff becoming aware of the inmate's involvement in the incident, *see* P.S. 5270.09 § 541.5, nothing in the Constitution, Bureau of Prisons regulations, or P.S. 5270.09 requires that an incident report be served on an inmate within twenty-four hours of its completion. *See id.* Instead, the inmate must receive written notice of the charges at least twenty-four hours in advance of the disciplinary hearing. *See* P.S. 5270.09 § 541.8(c). That requirement was satisfied here when Williams delivered the rewritten incident report to George on October 19, 2023, at 2:04 p.m. *See* [R. 16-1 p. 12].

George also fails to show that his due process rights were violated based on his alleged inability to call witnesses. To prevail on such a claim, the petitioner must show that denial of a witness at his disciplinary hearing prejudiced the outcome of the proceeding. *Cf. Pittman v. Fox*, 766 F. App'x 705, 716 (10th Cir. 2019) (explaining that, where due process infraction is shown by denial of staff representative and/or witness at disciplinary hearing, prisoner must still show resulting prejudice affecting the outcome of the proceeding (citing *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 813 (10th Cir. 2007)); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (explaining that, even if hearing officer erred in not calling witnesses, there was no prejudice because the testimony of the other inmates would not have changed the result of the proceeding).

The only potential witness George identifies is the inmate with whom he was involved in an altercation. *See* [R. 1-2, p. 9]. But the DHO considered the other inmate's statements indicating that the fight was his fault and that George was simply trying to get the other inmate off of him.

4

*See* [R. 16-1 pp. 13, 16]. Ultimately, the DHO concluded that George violated Code 201, noting that "[t]here is never a good reason for an inmate to even consider the possibility of being involved in a physical altercation with another person." [R. 16-1, p. 21]. Because the DHO considered the other inmate's statement and concluded that George fought with him (regardless of the reason), George has not shown that he was prejudiced by his alleged inability to call witnesses.

To the extent George contends that DHO's decision was not based on sufficient evidence, that argument also fails. In *Superintendent v. Hill*, 472 U.S. 445 (1985), the Supreme Court explained that the relevant question "is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56. The *Hill* standard is a lenient one, requiring only a "modicum of evidence" to support the outcome, and is met if the record contains *any* evidence that could support the DHO's decision. *Id.* at 455.

In this case, the DHO relied on the incident report, chain of custody form, photographs, medical assessments, staff memoranda, CCTV footage, inmate statements, and George's verbal admission that he was fighting, which constitute a sufficient evidentiary basis to support the DHO's decision. *See* [R. 16-1, p. 20]. To the extent George contends that he should not have been sanctioned because he did not start the fight, courts have generally rejected challenges to disciplinary convictions for fighting with another inmate on grounds of self-defense. *See Gladney v. Mehler*, No. 12-042-GFVT, 2013 WL 5350623, at *5 (E.D. Ky. Sept. 23, 2013); *Pinkham v. Arviza*, No. 3:24-CV-1416, 2025 WL 96305, at *2 (M.D. Penn. Jan. 14, 2025) ("[A] claim of self-defense—even if well-founded—does not render a fighting charge categorically improper or legally defeated."); *Boyer v. Veach*, 150 F. App'x 556, 557–58 (7th Cir. 2005) (observing that "the Due Process Clause does not require prison administrators to entirely excuse disciplinary

5

violations on the basis of self-defense"). For this reason, and those stated above, the Court will deny George's petition, [R. 1].

On August 4, 2025, George filed a motion for entry of judgment in his favor. [R. 18]. In support, George asserts that the respondent did not respond to his § 2241 petition prior to the deadline for doing so. *Id.* However, on May 23, 2025, the Court directed the Respondent to respond within sixty days. [R. 8]. Thus, the response, filed on July 22, 2025, was timely and George's motion, [R. 18], will be denied.

Based on the foregoing, it is **ORDERED** as follows:

1. George's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [**R. 1**], is **DENIED**.

2. George's motion for entry of judgment in his favor, [**R. 18**], is **DENIED**.

3. The Court will enter a corresponding Judgment.

This 20th day of October, 2025.

*[signature: Claria Horn Boom]*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY